
FILED
MAR 05 2013

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| KEVIN P. MYERS, | CIV 12-4125 |
| Plaintiff, | |
| vs. | |
| JUDGE LARRY LONG; THOMAS WOLLMAN, Lincoln County States Attorney, et al.; DENNIS JOHNSON, Lincoln County Sheriff, et al.; JIM SCHMIDT; Lincoln County Commissioner; DENNIS WEELDREYER, Lincoln County Commissioner; DALE LONG; Lincoln County Commissioner; JASON MELCHER, Lincoln County Commissioner; DAVID GILLESPIE, Lincoln County Commissioner; CADWELL, SANFORD, DEIBERT & GARRY; STEVEN W. SANFORD; ALEX M. HAGEN; MANNA MINISTRY CENTER, President, BERNARD SCHOCK; NEW HAVEN, President, JOEL VANEKEREN; BRIAN EIDE; JENSEN INSURANCE & REAL ESTATE; and EMC INSURANCE COMPANY; | MEMORANDUM OPINION AND ORDER GRANTING MOTIONS TO DISMISS |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, Kevin P. Myers ("Myers"), brought this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985, claiming that the defendants acted in concert to violate his constitutional rights through a state court eviction proceeding which resulted in the eviction of Myers from a home located in Lincoln County, South Dakota. The following motions are pending before the Court: (1) Motion to Dismiss filed by defendants Manna Ministry Center, New Haven, Bernard Schock, Joel VanEkeren and Brian Eide, joined by defendants Cadwell, Sanford, Deibert and Garry, Steven W. Sanford and

Alex M. Hagen, docs. 22 and 26; (2) Motion to Dismiss filed by defendants Thomas Wollman, Dennis Johnson, Jim Schmidt, Dennis Weeldreyer, Dale Long, Jason Melcher and David Gillespie, doc. 33; (3) Motion to Dismiss filed by defendants Jensen Insurance & Real Estate and EMC Insurance Company, doc. 36; (4) Motion to Dismiss filed by defendant Larry Long, doc. 38; (5) Motion for Rule 11 Sanctions filed by defendants Thomas Wollman, Dennis Johnson, Jim Schmidt, Dennis Weeldreyer, Dale Long, Jason Melcher and David Gillespie, doc. 42; (6) Motion for Rule 11 Sanctions filed by defendants Jensen Insurance & Real Estate and EMC Insurance Company, doc. 44; and (7) Motion for Attorney's Fees and Rule 11 Sanctions filed by defendants Manna Ministry Center, New Haven, Bernard Schock, Joel VanEkeren and Brian Eide, doc. 46,

## BACKGROUND

This action arose out of a dispute over a parcel of property in Lincoln County. Manna Ministry filed a suit and obtained a judgment in state court against Jerry and Sonja Adrian which established Manna Ministry's title and evicted the Adrians from the property. After the state court judgment was entered, the Adrians attempted to remove the action to federal court. Manna Ministry was stayed from enforcing the judgment while the Adrians' removal action was pending. During the stay, the Adrians allowed Kevin and Esther Myers to take possession of a house on the property. On January 23, 2012, the Adrians' removal action was remanded to state court. *See Manna Ministry Center v. Adrian*, 2012 WL 195522 (D.S.D. January 23, 2012). A three-day notice to quit was served on the Myers on February 24, 2012. Manna Ministry then commenced a forcible entry and detainer action against the Myers by a summons and complaint of February 29, 2012, which was personally served on the Myers on March 1, 2012. Manna Ministry moved for judgment on the pleadings or summary judgment, and for an expedited special execution. On March 22, 2012, the state court held a hearing and granted the motion, entering an order and judgment that day. On March 23, 2012, the day after final judgment had been entered in state court, the Myers removed the state court action to federal court, claiming federal jurisdiction existed based on the original U.S. Land Patent grant for the property. The Myers did not appeal to the South Dakota Supreme Court. They were evicted by the Lincoln County Sheriff on March 27, 2012. Their federal court removal action was summarily remanded to state court on May 31, 2012, because there was no federal

jurisdiction and because removal is improper after judgment has been issued in state court. *See Manna Ministry Center v. Myers*, 2012 WL 1969326 (D.S.D. May 31, 2012).

Kevin Myers filed this section 1983 civil rights action on July 3, 2012. Myers claims Judge Larry Long did not have jurisdiction over the state court action and that defendants wrongfully evicted him in violation of his constitutional rights. He seeks compensatory and punitive damages. Defendants seek dismissal of the Complaint. Myers did not file a response to the arguments set forth by Defendants in their motions to dismiss.

## JUDICIAL NOTICE

Defendants request that this Court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of pleadings, motions, docket entries and proceedings in the state court eviction action against the Myers entitled *Manna Ministry Center v. Kevin Myers and Esther Myers*, CIV 12-141, as well as the Myers' removal action and the state and federal court proceedings involving the Adrians. The Eighth Circuit Court of Appeals has recognized that it is appropriate for federal district courts to take judicial notice of state court files when they are relevant to issues in federal court. *See Knutson v. City of Fargo*, 600 F.3d 992, 1000 (8th Cir. 2010). The state court documents are relevant because the claims in this civil rights action arise out of and are based on the state court proceedings involving the Adrians and the Myers. Accordingly, Defendants' request is granted and the Court takes judicial notice of the documents attached to the Affidavit of Steven W. Sanford. (Doc. 23.)

## STANDARD OF REVIEW

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint on various grounds, including lack of subject matter jurisdiction and failure to state a claim upon which can be granted. *See* Fed.R.Civ.P. 12(b)(1) and (6). In ruling on a motion to dismiss, the Court must view the allegations in the complaint in the light most favorable to the plaintiff. *See Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto. Servs., Inc.*, 432 F.3d 866, 867 (8th Cir. 2005)). The Court "must accept the allegations

contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted, however, if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. Although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## DISCUSSION

Myers mentions 42 U.S.C. § 1985 in his Complaint. Section 1985(3) appears to be the only subsection of the statute which could be applicable. Section 1985(3) creates a cause of action for conspiring to interfere with a person's civil rights. In order to state a claim for conspiracy under 42 U.S.C. § 1985(3), a plaintiff must allege four elements in his complaint: (1) a conspiracy; (2) for the purpose of depriving any person or class of persons of the equal protection of the laws, or of privileges and immunities under the law; (3) with an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property, or is deprived of any right or privilege of a citizen of the United States. *See Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971); *Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996). The "purpose" element of section 1985(3) requires a plaintiff to prove that invidious racial or otherwise class-based discriminatory animus lay behind the defendants' actions, and he must allege with particularity specific facts from which a conspiratorial agreement between the defendants can be inferred. *See Larson*, 76 F.3d at 1454; *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993). Myers does not allege that he is a member of a protected class or that some class-based invidious discriminatory animus exists. Nor does he allege any facts showing that the defendants reached an agreement. His allegations are insufficient to state a section 1985(3) claim.

Under 42 U.S.C. § 1983, a plaintiff may seek a civil remedy against any "person who, under color of any [state law], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, Myers must establish two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

I.  **Individual Motions**

   A.  Defendant Long

Defendant Larry Long is the Lincoln County Circuit Court judge who presided over the state court eviction proceedings against Myers and who granted Manna Ministry's motion for judgment on the pleadings or summary judgment, and for an expedited special execution. He moves for dismissal pursuant to Federal Rule of Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, on the grounds that he is entitled to absolute judicial immunity. Judge Long also asserts that this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Myers' claims against Judge Long must be dismissed because absolute judicial immunity bars the claims.

Judicial immunity provides immunity to judges for all acts taken in their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) (citation omitted). Judicial immunity is lost only when the judge's acts are non-judicial in nature or when the judge's acts are taken "in the complete absence of all jurisdiction." *Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994).

Although Myers alleges that Judge Long did not have an oath with him at the hearing and that Judge Long did not have jurisdiction due to the original U.S. Land Patent grant for the property, these allegations do not support a finding that Judge Long was without jurisdiction in the eviction

5

action. While the South Dakota Constitution requires all officials to take an oath of office, no constitutional or legal requirement mandates that an official have that oath in their possession while performing their duties. As for the land patent grant, the Supreme Court has recognized that once title to land has passed from the United States government "that property, like all other property in the state, is subject to state legislation." *Wilcox v. Jackson*, 38 U.S. 498, 517 (1839), *cited with approval in Wilson v. Omaha Indian Tribe*, 442 U.S. 653, 670 (1979). The action to obtain possession of real property and to evict the Myers involved matters of state law within a state court's jurisdiction. Judge Long's grant of Manna Ministry's motion and his issuance of a judgment in Manna Ministry's favor were routine judicial acts. Thus, Judge Long is entitled to the protection afforded by absolute judicial immunity. *See, e.g., Coleman v. Watt*, 40 F.3d 255 (8th Cir. 1994) (judge who issued order authorizing impoundment was entitled to dismissal based on absolute immunity from section 1983 lawsuit claiming unreasonable seizure of vehicle).

B. Lincoln County Defendants

Thomas Wollman is the Lincoln County States Attorney, Dennis Johnson is the Lincoln County Sheriff, and Jim Schmidt, Dennis Weeldreyer, Dale Long, Jason Melcher and David Gillespie are Lincoln County Commissioners. The Lincoln County Defendants request dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The Complaint alleges that Lincoln County (not a named defendant) was engaged in a pattern and practice of unconstitutional activity and did not properly train or supervise its employees, and that the defendants must be held accountable to their oaths of office. Myers asserts that "[f]rom the time an inadequate judgment was made by Long, The State's Attorney and Sheriff's Department then carried out his unlawful eviction," knowing that the judgment was in violation of due process and void. (Complaint at p. 6, ¶ 7.) The only fact Myers offers to support these conclusions is that Judge Long's void judgment was enforced. Not a single fact relates to the manner in which the eviction was effectuated. With no specific factual allegations against the named Lincoln County Defendants, Myers' complaint fails to state a claim upon which relief can be granted against these defendants.

To the extent that Myers is claiming the Lincoln County Defendants should be liable for alleged unconstitutional actions by virtue of their supervisory positions, that theory does not apply in a section 1983 suit for damages. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Thus, liability cannot be attributed to the Lincoln County Defendants under section 1983 for the actions of others under their supervision.

In addition, the Sheriff is immune from section 1983 liability for an eviction carried out pursuant to a state court order. *See, e.g., Tymiak v. Omodt*, 676 F.2d 306 (8th Cir. 1982) (district court correctly dismissed for failure to state a claim a section 1983 damage claim against sheriff for evicting plaintiff pursuant to court order). Furthermore, the States Attorney enjoys immunity from section 1983 lawsuits for actions taken in the course of his prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 424-27 (1976); *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982).

Myers alleges an Eighth Amendment violation by the Sheriff. He states that the eviction caused him and his family to suffer "cruel and unusual punishment, in direct violation of the Eighth Amendment." (Complaint at p. 6, ¶ 4.) The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S.C.A. Const.Amend.8. "The Cruel and Unusual Punishments Clause of the Eighth Amendment was designed to protect those convicted of crimes." *Whitley v. Albers*, 475 U.S. 312, 318 (1986). A claim under section 1983 is a private tort action, not a criminal proceeding. *See Smith v. Wade*, 461 U.S. 30, 34 (1983). Myers has not been convicted of a crime, and the Eighth Amendment is inapplicable.

For all of these reasons, the Lincoln County Defendants are entitled to dismissal for failure to state a claim.

### C. Manna Defendants

Manna Ministry is the nonprofit corporation that commenced the state court eviction action against Myers after a judgment was entered against the Adrians finding title for the property in Manna

7

Ministry. Bernard Schock is the president of Manna Ministry. New Haven is a related nonprofit corporation with Joel VanEkeren as its president. Other than his name appearing in the caption, Brian Eide is mentioned only once in the Complaint simply as being responsible for his actions in the unlawful eviction process. The Sheriff's Return of Writ of Special Execution states that, in furtherance of the judgment and execution, the property was entrusted to Brian Eide as the "assigned caretaker" for Manna Ministry. (Dec. 23, Exhibit U.) All of the Manna Defendants move for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the following grounds: (1) the Complaint fails to state a claim for which relief may be granted; (2) the Complaint is barred by res judicata; and (3) this Court lacks subject matter jurisdiction.

Only state actors acting under color of law can be held liable under Section 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). There are no factual allegations in the Complaint indicating that the Manna Defendants are state actors or that they were acting under color of state or federal law at any time throughout the eviction process. It is true that Manna Ministry decided to pursue the eviction action against Myers, but the "mere invocation of state legal procedures is not state action." *Id.* at 651 (citations omitted). The most that Myers alleges is that all of the defendants acted "in concert" with state and county officers. This vague assertion is insufficient to state a claim against the Manna Defendants. *See, e.g., Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) ("When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action."). "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Here, Myers does not allege any facts tending to show an agreement between the Manna Defendants and a state official. Myers has failed to allege sufficient facts to support a section 1983 action against the Manna Defendants, and they are entitled to dismissal.

### D. Lawyer Defendants

Steven W. Sanford and Alex M. Hagen are the lawyers who represented Manna Ministry in the eviction proceeding against Myers. They are with the law firm Cadwell, Sanford, Deibert and Garry, also a named defendant. The Lawyer Defendants join in the motion to dismiss filed by the Manna Defendants. Myers' main complaint against the Lawyer Defendants is that Steven Sanford, attorney of record for Manna Ministry, "has never proved he is an attorney and his contract to represent" Manna Ministry, and "has failed to prove up his Oath of office. . . ." (Complaint at ¶ 3, p. 5.)

Myers has failed to show state action by the Lawyer Defendants. It is well-settled that a lawyer representing a private client is not a state actor acting under color of state law. *Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) (per curiam). Although a valid conspiracy charge could support an allegation that a private lawyer acted under color of state law, Myers has failed to plead facts showing that there was a mutual understanding, or a meeting of the minds, between the lawyers and a state actor. *See Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993) ("[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor."). Accordingly, Myers has failed to state a claim against the Lawyer Defendants upon which relief may be granted, and they are entitled to dismissal. *See, e.g., Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (per curiam) (lawyers did not act under color of state law and thus are not subject to suit under section 1983).

### E. Insurance Defendants

In his Complaint, Myers asserts that defendant EMC Insurance Company insures Lincoln County, and that defendant Jensen Insurance & Real Estate is an agent for EMC. Myers alleges, "The insurance companies . . . are providing the coverage for Lincoln County to Facilitate unlawful acts against the Private [sic] and public of Lincoln County." (Complaint at p. 6.) The Insurance Defendants move for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

The Supreme Court has been clear that determining whether state action exists is not to occur in the abstract, but rather with reference to "'the specific conduct of which the plaintiff complains.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). Alleging that a party provided insurance for a government agency does not suffice. Here, there are no allegations in the Complaint that make it plausible that the alleged constitutional deprivation—the wrongful eviction—has anything at all to do with the county's insurance contract, and there is no basis on which to say that the Insurance Defendants are state actors subject to suit under section 1983 by virtue of that contract. The Insurance Defendants' motion to dismiss will be granted.

## II. Dismissal for Lack of Subject Matter Jurisdiction

Even though Myers has failed to state a claim against any of the defendants upon which relief can be granted, in the interest of completeness, the Court will address the *Rooker-Feldman* doctrine and the issue of subject matter jurisdiction.

Some of the defendants move for dismissal of Myers' lawsuit for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and the *Rooker-Feldman* doctrine. The fundamental principle of the *Rooker–Feldman* doctrine, a jurisdictional consideration rooted in the Supreme Court decisions of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), is "that only the United States Supreme Court has been given jurisdiction to review a state-court decision, so federal district courts generally lack subject-matter jurisdiction over attempted appeals from a state-court judgment." *Friends of Lake View Schl. Dist. No. 25 v. Beebe*, 578 F.3d 753, 758 (8th Cir. 2009) (internal quotations and citation omitted). More recently, the Supreme Court confined the application of the *Rooker–Feldman* doctrine to those cases: (1) "brought by state-court losers;" (2) "complaining of injuries caused by state-court judgments;" (3) "rendered before the district court proceedings;" and (4) "inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Lance v. Dennis*, 546 U.S. 459, 466 (2006) ("The

doctrine applies only in 'limited circumstances' where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court.") (internal citation omitted).

The first *Exxon* element is satisfied because Myers lost in state court. Turning to Myers' Complaint and the second *Exxon* element, he is clearly complaining of the injuries caused by the state court judgment. The gravamen of Myers' complaint is that the state court judge, in Myers' opinion, had no authority to make a ruling in the eviction case and, consequently, the state court judgment is invalid or void. Myers alleges that his injuries (violations of his constitutional rights) were caused by his eviction from the property pursuant to the void judgment. These allegations demonstrate that the second *Exxon* element has been satisfied. The third element is met because the state court judgment was entered over three months before Myers filed the Complaint in this case. The last element of *Exxon* is also satisfied. Myers' claims go to the heart of the state court's eviction order, and this Court would be required to find that the state court's judgment and order are wrong in order for Myers to prevail in this case. Thus, his claims are barred by the *Rooker-Feldman* doctrine.

The Seventh Circuit reached the same conclusion when confronted with similar facts in *Holt v. Lake Court Bd. of Comm'rs*, 408 F.3d 335 (7th Cir. 2005). In *Holt*, the plaintiff lost possession of his property after the county sold it to recover unpaid taxes. *Id.* at 335. He challenged the validity of the tax sale in state court eviction proceedings but lost. *Id.* The plaintiff then filed a section 1983 action in federal court arguing that he was deprived of his property without due process. *See id.* The district court dismissed the section 1983 action pursuant to the *Rooker-Feldman* doctrine, and the Seventh Circuit affirmed, stating that the plaintiff's injury was caused by the state court judgments upholding the tax sale and evicting him from his property. *See id.* at 336. The Court stated that the plaintiff could not avoid the jurisdictional bar of *Rooker–Feldman* and seek reversal of a state court judgment simply by styling his claim as a section 1983 civil rights action alleging a due process violation. *See id.*

Even under the most liberal construction of Myers' complaint, the Court finds that his claims all relate to the eviction action. Myers would have no need for relief if the state court had not

awarded Manny Ministry possession, which allowed for Myers' eviction. To grant Myers relief in this case, the Court would need to overturn the state court's ruling that Manna Ministry had the right to possess the property and evict Myers. As a result, Myers' complaint alleges an injury caused by a state court judgment. This amounts to an appeal of the state-court judgment. To the extent that the state court might have committed an error of law, Myers' proper remedy was an appeal to the South Dakota Supreme Court - - not this section 1983 action. This action must be dismissed for lack of subject matter jurisdiction.

### III.  State-Law Claims

It is not clear whether Myers is asserting any state-law causes of action in his Complaint. Because no federal claims are sufficiently alleged against any of the defendants, and because the Court lacks subject matter jurisdiction over the federal claims, the Court declines to exercise supplemental jurisdiction over any potential state law claims. *See* 28 U.S.C. § 1367(c).

### IV.  Sanctions

Some of the defendants have moved for sanctions against Myers pursuant to Federal Rule of Civil Procedure 11, arguing that they should be compensated for attorney's fees and costs incurred in defending this action which they believe is frivolous. Defendants also request an order enjoining Myers from filing any civil action against them based on the same legal and factual claims that have already been made arising out of the dispute over the Manna Ministry property.

Under Rule 11(b)(2), an attorney or unrepresented party presenting a pleading or other paper certifies "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" Fed.R.Civ.P. 11(b)(2). Rule 11(c) provides that sanctions may be imposed against a party or attorney where a court finds that Rule 11(b) has been violated. *Id.* at 11(c). The primary goal of Rule 11 sanctions is to deter litigant misconduct, "not to compensate the opposing party for all of its costs in defending." *Kirk Capital Corp. v. Bailey*, 16

F.3d 1485, 1490 (8th Cir. 1994). A sanction must be "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed.R.Civ.P. 11(c)(4). Although a pro se plaintiff is bound by Rule 11, "the court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations." Fed.R.Civ.P. 11 Advisory Committee Notes for 1983 Amendment (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

This lawsuit is on the very edge of being a frivolous action, particularly when a state court of competent jurisdiction has already considered and rejected Myers' challenges to Manna Ministry's ownership of the property and where this Court had just remanded the attempted removal by Myers on May 31, 2012. The case that Myers attempted to remove had the same factual background as the present case, although other bare claims are made in the present case. If a lawyer had presented these same claims, sanctions would have been entered. This Court, however, is reluctant to impose sanctions at this time on this pro se plaintiff not learned in the law. The Court warns Myers that filing future cases in this Court related to ownership of the disputed property or the allegedly wrongful eviction of Myers therefrom, or anything else related to those facts, will result in sanctions that will be substantial.

The Court will allow Defendants to recover costs as the prevailing parties pursuant to Federal Rule of Civil Procedure 54(d)(1). Local Rule 54.1(a) requires a party seeking costs to "file a verified bill of costs within 28 calendar days after entry of judgment or an order of dismissal, together with proof of service on the party liable for costs." Thus, any Defendant requesting costs must comply with Local Rule 54.1(a) within the time specified therein.

IT IS ORDERED:
(1) That the Motion to Dismiss filed by defendants Manna Ministry Center, New Haven, Bernard Schock, Joel VanEkeren and Brian Eide, doc. 22, and joined by defendants Cadwell Sanford Deibert and Garry, Steven W. Sanford and Alex M. Hagen, doc. 26, is granted, and the claims will be dismissed with prejudice.

(2) That the Motion to Dismiss filed by defendants Thomas Wollman, Dennis Johnson, Jim Schmidt, Dennis Weeldreyer, Dale Long, Jason Melcher and David Gillespie, doc. 33, is granted, and the claims will be dismissed with prejudice.

(3) That the Motion to Dismiss filed by defendants Jensen Insurance & Real Estate and EMC Insurance Company, doc. 36, is granted, and the claims will be dismissed with prejudice.

(4) That the Motion to Dismiss filed by defendant Larry Long, doc. 38, is granted, and the claims will be dismissed with prejudice.

(5) That the Motion for Rule 11 Sanctions filed by defendants Thomas Wollman, Dennis Johnson, Jim Schmidt, Dennis Weeldreyer, Dale Long, Jason Melcher and David Gillespie, doc. 42, the Motion for Rule 11 Sanctions filed by defendants Jensen Insurance & Real Estate and EMC Insurance Company, doc. 44, and the Motion for Attorney's Fees and Rule 11 Sanctions filed by defendants Manna Ministry Center, New Haven, Bernard Schock, Joel VanEkeren and Brian Eide, doc. 46, are denied.

(6) That any Defendant seeking costs will file a verified bill of costs in compliance with Local Rule 54.1(a).

Dated this 5th day of March, 2013.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)    DEPUTY